Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000222
20-JUL-2012
08:05 AM

NO. CAAP-10-0000222

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBERT L. RODRIGUES JR.,
Claimant-Appellant,
v.
CITY AND COUNTY OF HONOLULU
BOARD OF WATER SUPPLY,
Employer-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL
RELATIONS APPEALS BOARD
(CASE NO. AB 2007-118 (2-01-08711))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Claimant-Appellant Robert L. Rodrigues Jr. (Rodrigues) appeals from a December 7, 2010, Decision and Order (order) by the Labor and Industrial Relations Appeals Board (LIRAB).  LIRAB resolved Rodrigues's workers' compensation claim by ruling in favor of Employer-Appellee City and County of Honolulu Board of Water Supply (BWS).

On appeal, Rodrigues contends:

(1)  LIRAB's determination of 4% permanent partial disability is reversible error;

(2)  LIRAB incorrectly concluded that Rodrigues was not permanently totally disabled; and

(3) LIRAB erred in concluding that BWS satisfied the requirements of Hawaii Revised Statutes (HRS) § 386-52 (1993) and was entitled to credit for temporary total disability benefits "not payable when made."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Rogrigues's appeal is without merit.

(1) Rodrigues contends LIRAB erred by finding that Rodrigues was not permanently totally disabled based on a report by Peter Diamond, M.D. (Dr. Diamond). In its order, LIRAB held that "[b]ased on the impairment rating of Dr. Diamond and the work restrictions Dr. Diamond recommended, which did not preclude [Rodrigues] from all work, [LIRAB] concludes that [Rodrigues] was not [permanently totally disabled] on a medical basis."

Rodrigues argues that the "impairment rating of Dr. Diamond is without weight and/or even relevance[.]" Rodrigues argues further that LIRAB erred in relying on Dr. Diamond's characterization of the injury, as other evidence contradicted Dr. Diamond's opinion. In doing so, Rodrigues presents no error of law, but instead argues that LIRAB's assessment of the evidence is erroneous. However, this court gives "deference to the LIRAB's assessment of the credibility of witnesses and the weight the LIRAB gives to the evidence." Moi v. State, Dept. of Public Safety, 118 Hawai'i 239, 242, 188 P.3d 753, 756 (App. 2008). Furthermore,

> [i]t is well established that courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the findings of an expert agency dealing with a specialized field.

Nakamura v. State, 98 Hawai'i 263, 268, 47 P.3d 730, 735 (2002) (quoting Igawa v. Koa House Restaurant, 97 Hawai'i 402, 409-410,

38 P.3d 570, 577-578 (2001)).  As such, this court gives proper deference to LIRAB's finding of fact based on the opinion of Dr. Diamond.  Therefore, LIRAB did not err in determining that Rodrigues was not permanently totally disabled on a medical basis.

(2) Rodrigues contends LIRAB erred in finding that Rodrigues failed to establish that he was not permanently totally disabled under the odd-lot doctrine.  LIRAB held that

> [Rodrigues] was also not [permanently totally disabled] on an odd-lot basis.  A claimant seeking odd-lot [permanently totally disabled] status has the burden of establishing a *prima facie* case that he or she falls within the odd-lot category based on evidence of degree of physical impairment combined with other factors such as education, experience and age.
>
> In this case, due to a lack of evidence of severe physical impairments, and because of factors, such as age, education, and Claimant's voluntary retirement . . ., [Rodrigues] did not successfully establish *prima facie* that he fell within the odd-lot category.

(citations omitted)

> Under the odd-lot doctrine,
>
> where an employee receives a work-related permanent partial disability which combined with other factors such as age, education, experience, etc., renders him, in fact, unable to obtain employment, he is entitled to be treated as being permanently totally disabled. It seems to be accepted that the employee has the burden of establishing prima facie that he falls within the odd-lot category.

Tsuchiyama v. Kahului Trucking and Storage, Inc., 2 Haw. App. 659, 660-661, 638 P.2d 1381, 1382 (1982).  Rodrigues argues that LIRAB's findings are clear error because the findings were based solely on Dr. Diamond's assessment of Rodrigues.  Rodrigues argues that the instant case is analogous to Yarnell v. City Roofing, Inc., 72 Haw. 272, 813 P.2d 1386 (1991).  However, in Yarnell, the Hawai'i Supreme Court concluded LIRAB improperly placed the burden on the claimant to prove that he was unable to work as a result of the work injury, and did not answer the question of whether the claimant properly established a prima facie case.  72 Haw. at 276, 813 P.2d at 1389.

3

In the instant case, LIRAB applied the proper standard. LIRAB clearly held that Rodrigues did not establish a prima facie case that he fell within the odd-lot doctrine. Furthermore, LIRAB's determination that Rodrigues did not establish a prima facie case was not clearly erroneous. LIRAB found that Rodrigues was 52 years old at the time of trial, with a high school education and experience in the construction industry. These factors, combined with the comparatively minimal degree of physical disability, led LIRAB to conclude that Rodrigues failed to meet his burden of proof. Therefore, LIRAB did not err in finding that Rodrigues was not permanently totally disabled on an odd-lot basis.

(3) Rodrigues contends LIRAB erred in determining that BWS was entitled to credit for temporary total disability benefits paid to Rodrigues that were "not payable when made." Rodrigues argues that LIRAB erred in concluding that temporary total disability benefits paid by BWS from October 1, 2005 to April 30, 2006 were "not payable when made" because Rodrigues voluntarily retired from employment. In its order, LIRAB concluded that the total temporary benefit "paid for the period October 1, 2005 through April 30, 2006 in the total amount of $15,778.86 were 'not payable when made,' because [Rodrigues] voluntarily retired from employment and chose not to attempt to remain in the workforce as of October 1, 2005."

Under HRS § 386-52(a)(1993):

> Any payments made by the employer to the injured employee during the employee's disability or to the employee's dependents which by the terms of this chapter were not payable when made, shall be deducted from the amount payable as compensation subject to the approval of the director; provided that:
>
> (1) The employer notifies the injured employee and the director in writing of any such credit request stating the reasons for such credit and informing the injured employee that the employee has the right to file a written request for a hearing to submit any evidence to dispute such a credit[.]

Rodrigues argues that in order for temporary total disability to be "not payable when made," temporary total disability must be terminated in accordance with HRS § 386-31(b) (Supp. 2005), which states that "[t]he payment of [temporary total disability] benefits shall only be terminated upon order of the director or if the employee is able to resume work." Rodrigues argues that HRS § 386-31(b) does not allow for the termination of temporary total disability because Rodrigues voluntarily retired from employment.

The purpose of temporary total disability benefits is to compensate a claimant for current loss of wages. _See_ Curaisma v. Urban Painters, Ltd., 59 Haw. 409, 420, 583 P.2d 321, 327 (1978). Furthermore, "[w]hile workers' compensation benefits are clearly intended to indemnify a worker for a job-related injury, they are not intended to provide an unemployed worker with lost income upon his retirement." Atchley v. Bank of Hawai'i, 80 Hawai'i 239, 242, 909 P.2d 567, 570 (1996). In the instant case, there is no dispute that Rodrigues retired voluntarily. Because case law makes clear that temporary total disability is not intended to cover lost wages after retirement, LIRAB did not err when it concluded that benefits paid for the period of October 1, 2005 through April 30, 2006 in the total amount of $15,778.86 were "not payable when made."

Rodrigues also contends LIRAB erred in finding that BWS satisfied the notice requirement of HRS § 386-52(a). LIRAB found that, by letter dated April 17, 2006 (letter), BWS gave Rodrigues notice through his former attorney Jeffrey Taylor, Esq., that temporary total disability benefits would end effective May 1, 2006. LIRAB also found that the letter satisfied the notice requirement of HRS § 386-52(a)(1) "by informing [Rodrigues] and the Director of [BWS's] credit request and [Rodrigues's] right to file a request for a hearing, which was held on January 25, 2007." Rodrigues argues that the letter does not satisfy HRS § 386-52 because "(1) it does not state the

5

reasons for the credit requested, and (2) it does not inform [Rodrigues] of his right to file a written request for a hearing to submit any evidence to dispute such a credit." (emphasis omitted.)

However, a plain reading of the letter reveals that LIRAB was correct in finding that the letter satisfied the requirements of HRS § 386-52(a)(1). The letter states:

> [t]his is to inform you that we will be terminating [Rodrigues's] temporary disability benefits effective May 1, 2006 pursuant to Hawaii Revised Statutes Section 386-21. We are taking this action because we recently received notice from the Employees' Retirement System that your client applied for and has been awarded ordinary disability retirement effective October 1, 2005. As a result, it is our position that [Rodrigues] voluntarily removed himself from the workforce and is no longer entitled to indemnity benefits.
>
> By copy of this letter, we are notifying the Department of Labor and Industrial Relations, Disability Compensation Division of the foregoing action and requesting that all temporary total disability payments made after October 1, 2005 be credited to any permanent disability and/or other future benefits awarded to [Rodrigues].
>
> You may make a written request to the Director of Labor and Industrial Relations should you or your client disagree with the decision to terminate his temporary total disability benefits and/or our request for a credit.

The language of the letter clearly satisfies the requirements of HRS § 386-52(a)(1). As previously stated, HRS § 386-52(a)(1) requires the employer to notify "the injured employee and the director in writing of any such credit request stating the reasons for such credit and informing the injured employee that the employee has the right to file a written request for a hearing to submit any evidence to dispute such a credit[.]" The letter satisfies the requirement as it both informs Rodrigues and the Director of the credit request and informs Rodrigues of an opportunity to dispute the request. As such, LIRAB did not err in determining that BWS is entitled to a credit for benefits that were "not payable when made."

Therefore,

IT IS HEREBY ORDERED that the December 7, 2010, Decision and Order filed by the Labor and Industrial Relations Appeals Board is affirmed.

DATED:   Honolulu, Hawai'i, July 20, 2012.

On the briefs:

Lila Barbara Kanae
for Claimant-Appellant.

Kamilla C.K. Chan
Deputy Corporation Counsel
City and County of Honolulu
for Employer-Appellee.

Presiding Judge

Associate Judge

Associate Judge